UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT CAMPBELL,

                    Plaintiff,

-against-

ANTHONY ANNUCCI, Commissioner, NYSDOCCS; CORRECTIONAL SGT. B. JOSEPH; CAPTAIN NIXON; JOHN DOE; JOHN DOE,

                    Defendants.

23-CV-6900 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants denied him the right to "free exercise of Rastafarian culture and to be free from establishment of 'Rasta Prayer,' and the denial of congregational worship 'Jumah Prayer Service,'" in violation of the First and Fourteenth Amendments of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. (ECF No. 10 at 2.)

    This complaint was originally filed by thirty individuals incarcerated in Sing Sing Correctional Facility, who asked to proceed as a class and applied for *pro bono* counsel. *See Brown v. Annucci*, No. 23-CV-6056, ECF No. 1 ("*Brown*"). By order dated August 7, 2023, the Honorable Laura Taylor Swain, in her capacity as Chief Judge of the court, severed each plaintiff's claims, opening each as a new case, noting that:

> each Plaintiff will ultimately need to allege his own set of facts detailing when the denial occurred, how he was affected, and what steps, if any, he took to challenge the denial.

(ECF No. 1 at 3.)

By order dated October 3, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

**A.     Captain Nixon**

The New York State Attorney General filed a letter dated November 21, 2023, (ECF No. 12), indicating that several Plaintiffs (other than Plaintiff) have clarified that Captain Nixon had "no involvement in any constitutional violation and should therefore not be named as a Defendant in these matters." Indeed, Plaintiff in this matter has not alleged that Captain Nixon was involved in the events that gave rise to this complaint. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under Section 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Because Plaintiff has not alleged that Captain Nixon was personally involved in the alleged deprivation of his rights on April 14, 2023, the claims against Captain Nixon are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

B. **John Doe Defendants**

Pursuant to the New York State Attorney General's November 21, 2023 letter, the John Doe Defendant described in the complaint as the "Officer in Charge (OIC)" on April 14, 2023, assigned to Housing Block A during the 7am-3pm shift has been identified as former Correction Officer Patricia Chumney, and the John Doe Defendant described in the complaint as the "Jumah Service Escorting Officer" cannot be identified.

In light of Plaintiff's *pro se* status, and clear intention to bring claims against former Correction Officer Pamela Chumney, the Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to substitute former Correction Officer Pamela Chumney as a Defendant, for Defendant John Doe, OIC. This amendment is without prejudice to any defenses that Defendant Chumney may wish to assert.

Because the Attorney General has already explained that John Doe, Escorting Officer, cannot be identified, the Court declines, at this time, to issue any order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in identifying a defendant), seeking the identity of John Doe, Escorting Officer.

C. **Service on DOCCS Acting Commissioner Annucci, Correctional Sergeant B. Joseph, and former Correction Officer Pamela Chumney**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

. . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants New York State Department of Corrections and Community Supervision ("DOCCS") Acting Commissioner Anthony Annucci, Correctional Sergeant B. Joseph, and former Correction Officer Chumney through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the amended complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

D.  **New York Legal Assistance Group**

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is

received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against Captain Nixon. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to substitute Correction Officer Pamela Chumney as a Defendant, for Defendant John Doe, OIC.

The Court declines, at this time, to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in identifying a defendant), seeking the identity of John Doe, Escorting Officer.

The Clerk of Court is further instructed to issue summonses for DOCCS Acting Commissioner Anthony Annucci, Correctional Sergeant B. Joseph, and former Correction Officer Pamela Chumney, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff is referred to the NYLAG Pro Se Clinic. Copies of the Clinic's flyer, as well as its retainer and intake form, are attached to this order.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: November 27, 2021
White Plains, New York

_____
CATHY SEIBEL
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. NYS DOCCS Acting Commissioner Anthony Annucci
   The Harriman State Campus
   Albany, New York 12226-2050

2. Correctional Sergeant B. Joseph
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

3. Former Correction Officer Pamela Chumney
   C/O Deputy Counsel Mark Richter
   Department of Corrections and Community Supervision
   Office of Counsel
   The Harriman State Campus, Building 4
   1220 Washington Avenue
   Albany, New York 12226



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

   **I. LIMITS OF ASSISTANCE**

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

   **II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY**

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____          _____
Signature                                Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
New York Legal Assistance Group

**Name** _____    **Date of Birth** _____

**Facility** _____

**Identification #** _____    **Email (if available)** _____

## How did you hear about our clinic? (Circle One)

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

## Ethnicity (Circle One)

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

## Education Level (Circle One)

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**